[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14215
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20963-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL FELIX GILLETTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 3, 2011)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Raul Gillette appeals his convictions, based on a guilty plea, and sentences

for persuading, inducing, or enticing a minor to engage in sexually explicit

conduct for the purpose of producing any visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a), (e); and knowing possession of a camera and memory card which contained any visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2).  On appeal, Gillette argues that the district court committed plain error by failing to inform him of the consequences of his guilty plea, specifically that Fed.R.Crim.P. 11(b)(1)(M) required the district court to calculate his applicable guideline sentencing range and to consider possible departures under the Sentencing Guidelines and other sentencing factors under 18 U.S.C. § 3553(a).   He also asserts that his sentences are procedurally and substantively unreasonable, because the district court did not adequately consider his mental health, his history, and the lengthy statutory minimum sentences already required in determining an appropriate sentence.

I

When a defendant fails to object to a perceived Rule 11 violation at the district court, we review for plain error only.  *United States v. Brown*, 586 F.3d 1342, 1345 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 2403 (2010).  The defendant bears the burden of proving that (1) there was an error; (2) it was plain; and (3) it affected his substantial rights.  *United States v. Moriarty*, 429 F.3d 1012, 1019

(11th Cir. 2005). If the defendant can demonstrate these three elements, we will reverse the error if it seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Id*. In addition, "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004).

When accepting a guilty plea, the district court must address three core principles underlying Rule 11: (1) the defendant must enter his guilty plea free from coercion; (2) he must understand the nature of the charges; and (3) he must know and understand the consequences of his guilty plea. *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000). In keeping with this third core principle, "Rule 11(b)(1) provides a list of rights and other relevant matters about which the court is required to inform the defendant prior to accepting a guilty plea." *Moriarty*, 429 F.3d at 1019. Rule 11 specifically requires the district court to inform the defendant that, in determining his sentence, the court has an obligation "to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)." Fed.R.Crim.P. 11(b)(1)(M). Prior

3

to the 2007 amendment that added the reference to the statutory factors, we have held that Rule 11's requirements are met if the district court asked the defendant whether he knew about the Sentencing Guidelines and had discussed with his attorney the effect of the Sentencing Guidelines on his sentence. *See United States v. Mosley*, 173 F.3d 1318, 1328 (11th Cir. 1999).

The district court did not err, plainly or otherwise, by failing to inform Gillette of the consequences of his guilty plea. The only part of the plea colloquy that Gillette challenges is the district court's discussion of the Sentencing Guidelines. However, the district court specifically discussed the fact that the court was not yet able to determine Gillette's advisory guideline range, that the probation office would prepare a presentence investigation report prior to his sentencing hearing that would contain a recommendation regarding Gillette's guideline range, that the court would consider that advisory guideline range but had the authority to impose a sentence that was above or below the guideline range, and that Gillette faced a statutory minimum sentence of 15 years' imprisonment and a statutory maximum of 40 years' imprisonment. The court also specifically asked if Gillette had had the opportunity to talk with his attorney about how the Sentencing Guidelines might apply in his case, and Gillette stated that he had. Thus, Gillette's plea colloquy more than met the minimum

requirements of Rule 11. *See Mosley*, 173 F.3d at 1328.

In addition, Gillette does not argue that the allegedly missing information materially affected his plea calculus. Given his failure to seek relief in the district court, nothing in this record suggests that the alleged error affected Gillette's substantial rights.

II

We review the reasonableness of a sentence, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range," under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S. Ct. 1813 (2011). The burden of establishing that a sentence is unreasonable lies with the party challenging the sentence. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

Procedural reasonableness includes whether the district court properly calculated the guideline range, treated the Guidelines as advisory, considered the §

3553(a) factors, did not select a sentence based upon clearly erroneous facts, and adequately explained the chosen sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Once we determine that a sentence is procedurally sound, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Id*.

A court at the time of sentencing must "state in open court the reasons for its imposition of the particular sentence, and if the sentence [is outside the guidelines range, explain] the specific reason for the imposition of a sentence different from [the guidelines range]." 18 U.S.C. § 3553(c), (c)(2). However, the court is not required to "state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

A sentence may be substantively unreasonable where a district court "unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. *United States v. Gonzales*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Gillette's sentences were both procedurally and substantively reasonable. The court explicitly considered Gillette's argument that his criminal history was overstated and varied downward to assign him a criminal history category of IV, rather than the V initially calculated by the probation officer in the PSI. Although Gillette argues that the court should have considered his history of being sexually abused as a child and his history of bipolar disorder, the court stated that it had considered the parties' statements and the presentence investigation report in imposing Gillette's sentences. Furthermore, the court also stated that it had considered the § 3553(a) factors. The fact that Gillette's sentence was well below the statutory maximum on Count 1 also supports a determination that his sentences were reasonable. *See Gonzales*, 550 F.3d at 1324.

**AFFIRMED.**[1]

---

[1] Gillette's request for oral argument is denied.